IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | CRIMINAL NO. 4:22-CR-600 |
|---|---|---|
| | § | |
| v. | § | |
| | § | |
| XIAOFEI CHEN | § | |
| (a/k/a "Anthony Chen") | § | |

## PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and Christian T. Latham and Belinda Beek, Assistant United States Attorneys, and the Defendant, **Xiaofei Chen** ("Defendant"), and the Defendant's counsel, George Murphy, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreements

1. The Defendant agrees to plead guilty to Count Ten of the Indictment. Count Ten charges the Defendant with aggravated identity theft in violation of Title 18, United States Code, Section 1028A. The Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proved to a jury or judge beyond a reasonable doubt.

1

**Punishment Range**

2. The <u>statutory</u> penalty for each violation of Title 18, United States Code, Section 1028A is a mandatory term of imprisonment of two (2) years and a fine of up to $250,000. Additionally, the Defendant may receive a term of supervised release after imprisonment of up to one (1) year. *See* Title 18, United States Code, Sections 3559(a)(5) and 3583(b)(3). The Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then the Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Section 3559(a)(5) and 3583(e)(3). The Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District

Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4.  The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The Defendant's attorney has advised the Defendant of the potential immigration consequences resulting from the Defendant's plea of guilty, and the Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

**Cooperation**

5.  The Defendant understands this agreement carries **NO** potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines.

**Waiver of Appeal and Collateral Review**

6.  The Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal a conviction and sentence imposed. The Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack"

a conviction or sentence after the judgment of conviction and sentence has become final. The Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that the Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event the Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. In agreeing to these waivers, the Defendant is aware that a sentence has not yet been determined by the Court. While the Defendant understands that the Count to which the he agrees to plead guilty carries with it a mandatory two (2) year term of imprisonment, the Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. The Defendant further understands and agrees that the United States Sentencing

Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, the Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing the Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence the Defendant within the calculated guideline range.

8. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## United States' Agreements

9. The United States agrees that if the Defendant pleads guilty to Count Ten of the Indictment, and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss the remaining Counts of the Indictment at the time of sentencing.

## Agreement Binding - Southern District of Texas Only

10. The United States agrees that it will not further criminally prosecute the Defendant in the Southern District of Texas for offenses arising from conduct that is the basis of the charges in the Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and the Defendant. It does not bind any other United States Attorney or any other unit of

the Department of Justice. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of the Defendant's cooperation, if any, to the attention of other prosecuting offices if requested.

## United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with the Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(a) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12. The Defendant is aware that his sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553. The Defendant nonetheless acknowledges and agrees that the Court

has the authority to impose any sentence up to and including the statutory maximum set for the offense to which the Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. The Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute or should the Court order any or all of the sentences imposed to run consecutively, the Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

13. The Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. The Defendant understands that the rights of a defendant include the following:

   (a) If the Defendant persisted in a plea of not guilty to the charges, the Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if the Defendant, the United States, and the Court all agreed.

   (b) At a trial, the United States would be required to present witnesses and other evidence against the Defendant. The Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the Defendant could, but would not be required to, present witnesses and other evidence on his

own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(c) At a trial, the Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14. The Defendant is pleading guilty because he **is guilty** of the charges contained in Count Ten of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The Defendant understands and agrees that the following facts, **among others**, would be offered to establish the Defendant's guilt:

15. Between in or about August 2018, and in or about October 2018, in the Southern District of Texas and elsewhere, the Defendant did knowingly transfer, possess, and use the means of identification of another person—and individual with the initials BL—without lawful authority, during and in relation to the offense of wire fraud, knowing that the means of identification belonged to BL, an actual person. Specifically, as charged in Count Ten of the Indictment, on or about September 7, 2018, the Defendant opened a Bitstamp account with deposit reference ending in 7699 in BL's name using BL's driver license (the "BL Bitstamp account"). The Defendant did this without BL's knowledge, authorization, or permission in

furtherance of the Defendant's scheme to defraud BL of $520,000 using wire communications in interstate and foreign commerce.

16. In furtherance of this scheme, between on or about September 25, 2018 and October 2, 2018, the Defendant made and caused to be made three fraudulent wire transfers totaling $520,000 from BL's Wells Fargo account ending 8727 to a Bank of America account ending 6915 in the name of CNG PRO. The three wire transfers were made without BL's knowledge, authorization, or permission, and caused a loss of $520,000.

17. The Defendant then conducted and caused to be conducted numerous transactions in both United States Dollars and in Bitcoin, using accounts both in BL's name and in the Defendant's own name, to conceal and disguise the nature, location, source, ownership, and control of the proceeds. These transactions include, between on or about September 27, 2018 and on or about October 4, 2018, three electronic transfers totaling $520,000 in wire fraud proceeds from the CNG PRO account to the BL Bitstamp account. The Defendant used these wire fraud proceeds to purchase Bitcoin in the fraudulent BL Bitstamp account.

18. The Defendant's transactions also include, on or about September 27, 2018, the transfer of 2.3 Bitcoin from the BL Bitstamp account to a Bitstamp account in the Defendant's own name, Xiaofei Chen, with deposit reference ending in 7564

9

(the "XC Bitstamp Account"). This 2.3 Bitcoin was sold for $15,406.96, then on or about October 3, 2018, the Defendant used those funds to purchase 2.39159085 Bitcoin, which were derived from and traceable to the wire fraud proceeds. On or about March 3, 3023, the 2.39159085 Bitcoin in the XC Bitstamp account were seized by the United States with a seizure warrant.

All in violation of Title 18, United States Code, Section 1028A.

### Breach of Plea Agreement

19. If the Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the Defendant's plea and sentence will stand. If at any time the Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if the Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by the Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against the Defendant in any prosecution.

### Restitution and Fines – Generally

20. This plea agreement is being entered into by the United States on the

basis of the Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. The Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless the Defendant obtains the prior written permission of the United States.

21. The Defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement (USAO-SDTX Financial Statement, Form OBD-500 or similar form) and providing it to the United States **prior to the entry of this Plea Agreement**. The Defendant agrees to authorize the release of all financial information requested by the United States, including but not limited to executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. The Defendant agrees to discuss and answer any questions by the United States relating to The Defendant's complete financial disclosure. The Defendant understands and agrees that any false information in any form that the Defendant provides to the United States could result in additional prosecution of the Defendant.

22. The Defendant agrees to take all steps necessary to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title,

executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and signing any other documents necessary to effectuate such transfer. The Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

23. The Defendant understands that restitution and fines are separate aspects of sentencing and are separate obligations.

## Restitution

24. The Defendant agrees to pay full restitution to the victim(s) regardless of the count of conviction. The Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) and that it is the Court that determines the amount of restitution that Defendant owes. The Defendant agrees that restitution imposed by the Court will be due and payable immediately and that the Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, The Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Fines

25. The Defendant understands that under the Sentencing Guidelines the Court is permitted to order the Defendant to pay a fine that is sufficient to reimburse

the government for the costs of any imprisonment or term of supervised release, if any. The Defendant agrees that any fine imposed by the Court will be due and payable immediately, and the Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, the Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Seized Bitcoin

26. The United States seized 2.39159085 Bitcoin from the XC Bitstamp account on or about March 3, 3023 (the "Seized Bitcoin"). The United States filed in the criminal case a Supplement to Notice of Forfeiture, providing notice that it would seek the forfeiture of the Seized Bitcoin, which constitutes or is derived from wire fraud proceeds. Because the Defendant did not plead to a wire fraud count, however, the forfeiture cannot be accomplished in the criminal case but must be accomplished in a civil judicial forfeiture action or in an administrative forfeiture.

27. The Defendant acknowledges that the factual basis of this Plea Agreement supports the forfeiture of the Seized Bitcoin; admits that the Seized Bitcoin was obtained with wire fraud proceeds and is subject to forfeiture; waives any and all interest in the Seized Bitcoin; and agrees that he will cooperate in and not contest the civil judicial forfeiture or the administrative forfeiture (at the

13

Government's option and in its sole discretion) of the Seized Bitcoin so that the forfeiture can be readily accomplished. Specifically, the Defendant agrees to waive his right to timely notice of administrative forfeiture.

**Complete Agreement**

28. This written plea agreement, consisting of 17 pages, including the attached addendum of the Defendant and his attorney, constitutes the complete plea agreement between the United States, the Defendant and the Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. The Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

29. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston ~~October~~, Texas, on October 12, 2023, 2023.

_____
XIAOFEI CHEN
Defendant

Subscribed and sworn to before me on October 12, 2023, 2023.

NATHAN OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By: _____  _____
CHRISTIAN T. LATHAM                    GEORGE MURPHY
BELINDA BEEK                           Attorney for Xiaofei Chen
Assistant United States Attorneys

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | CRIMINAL NO. 4:22-CR-600 |
| v. | § § | |
| XIAOFEI CHEN<br>(a/k/a "Anthony Chen") | § § | |

## PLEA AGREEMENT – ADDENDUM

I have fully explained to the Defendant, Xiaofei Chen, his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Guidelines Manual and Policy Statements, and I have fully and carefully explained to the Defendant the provisions of those Guidelines which may apply in this case. I have also explained to the Defendant that the Sentencing Guidelines are only advisory and the Court may sentence the Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with the Defendant. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____     10/12/23
GEORGE MURPHY                                   Date
Attorney for Xiaofei Chen

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Guidelines Manual and Policy Statements which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this agreement, and I voluntarily agree to its terms.

_____  10/12/23
XIAOFEI CHEN                      Date
Defendant